CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
to Harrisonburg
NOV 30 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| WARREN SCOTT TAYLOR, | ) | |
| Plaintiff, | ) | Civil Action No. 5:09cv00098 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

*Pro se* plaintiff Warren Scott Taylor, seeking to proceed *in forma pauperis*, petitions this court to issue a writ of *coram vobis*. Taylor alleges that the Page County General District Court made a clerical error or an error in fact by convicting him of driving under the influence. The court grants Taylor's application to proceed without prepayment of fees but dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] because Taylor has not stated a claim upon

---

[1] Although 28 U.S.C. § 1915(a)(1) states
> [s]ubject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such *prisoner* possesses . . .,

28 U.S.C. § 1915(a)(1) (2006) (emphasis added), case law makes it clear that the affidavit requirement of this statute applies to all persons, not just prisoners. The Fourth Circuit has only indirectly addressed the issue. See Michau v. Charleston County, 434 F.3d 725 (4th Cir. 2006) (indicating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings *in addition to* complaints filed by prisoners) (emphasis added). But at least the Third, Fifth, Sixth, Tenth, and Eleventh Circuits have concluded that 28 U.S.C. § 1915(a)(1)'s affidavit requirement applies to everyone. See Douris v. Middletown Township, 293 Fed.Appx. 130, *132, 2008 WL 4195150 (3rd Cir. 2008) (stating that "[t]he reference to prisoners in § 1915(a)(1) appears to be a mistake . . . . *In forma pauperis* status is afforded to *all* indigent persons . . .") (emphasis added); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997) (holding that "the PLRA requires *all* petitioners to file an affidavit complying with section 1915(a)(1) . . .") (emphasis added); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997) (concluding that "[d]espite the use of the term 'prisoner possesses,' . . . a typographical error in the final version of the statute occurred and . . . Congress actually intended the phrase to be '*person* possesses'") (emphasis added); Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (noting that [s]ection 1915(a) applies to *all* persons applying for IFP status . . .") (emphasis added); Martinez v. Kristi

which relief can be granted.

## I.

On November 2, 1995, Taylor was charged with unreasonably refusing to permit law enforcement officers to take a sample of his blood or his breath and with driving under the influence. Taylor alleges that, before the Page County General District Court and in the presence of his attorney, he entered a plea of not guilty to a charge of unreasonably refusing to permit a sample of blood or breath (the refusal charge). Taylor contends that his attorney then fraudulently entered an involuntary plea of guilty to Taylor's other charge (the DUI charge). Taylor asserts that the outcome of the DUI charge was supposed to mirror the refusal charge in that both were to proceed to trial. Taylor speculates that his attorney may have entered the guilty plea in response to threats from the Page County Commonwealth's Attorney's Office.

At trial on the refusal charge, the jury acquitted Taylor. According to Taylor, however, the Page County General District Court made a clerical error or error in fact following his acquittal by "convicting" him on the DUI charge. Taylor maintains that his innocence on the DUI charge was proven at the time the jury acquitted him on the refusal charge and that his attorney was not supposed to have entered a guilty plea as to the DUI charge.

Taylor filed an action in this court on November 24, 2009, requesting the court to issue a writ of *coram vobis* to correct the judgement of the 1995 DUI charge and "to inquire into the

---

Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004) (stating that "[d]espite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to *all* persons . . . ") (emphasis added).

2

validity that the guilty plea was not voluntary."[2] (Complaint 5.)

## II.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim upon which relief may be granted." "Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint must have "enough facts to state a claim to relief that is plausible on its face."[3] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

"The appropriate use of the writ of error *coram vobis* is, to enable a court to correct its *own* errors . . . ." Pickett's Heirs v. Legerwood, 32 U.S. 144, 147 (1833) (emphasis added); see also United States v. Steese, 144 F.2d 439, 444 (3rd Cir. 1944) (stating that "[i]t cannot be questioned, that the appropriate use of the writ of error *coram vobis* is, to enable a court to correct its *own* errors . . . .") (emphasis added). Accordingly, the writ of error *coram vobis* cannot be used to attack the judgment of another court.

Applying these principles, Taylor has failed to state a claim upon which relief can be

---

[2] To the extent Taylor's complaint questions the validity of the guilty plea, it appears that his complaint could be construed as seeking habeas relief. But Taylor's complaint cannot be so construed. 28 U.S.C. § 2254 states that
> [t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (emphasis added). Taylor is not in custody, and therefore, his complaint cannot be construed as seeking habeas relief.

[3] Appellate courts have applied Twombly to dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). See, e.g., Brown v. City of Pittsburgh, 2009 WL 1059543 at *2 (3rd Cir. Apr. 21, 2009); Hall v. Sec'y for Dep't of Corr., 304 Fed. Appx. 848 (11th Cir. 2008); Killebrew v. St. Vincent Health, Inc., 295 Fed. Appx. 808 (7th Cir. 2008); Garza v. Bandy, 293 Fed. Appx. 565 (10th Cir. 2008); Bray v. Young, 261 Fed. Appx. 765 (5th Cir. 2008).

granted as a writ of *coram vobis* cannot be used in this court to attack the judgment of the Page County General District Court. Accordingly, the court dismisses Taylor's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### III.

For the reasons stated herein, the court grants Taylor's application to proceed without prepayment of fees but dismisses his complaint.

**ENTER:** This 30th day of November, 2009.

UNITED STATES DISTRICT JUDGE